Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 8394 | DATE | 6/9/2000 |
| CASE TITLE | In Re: IN RE: LITHOTRIPSY ANTITRUST | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motion for final approval of the class action settlement and for a joint award of attorneys' fees is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | JUN 12 2000 date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| | | 6/9/2000 date mailed notice |
| CG courtroom deputy's initials | Date/time received in central Clerk's Office | CG mailing deputy initials |

Document Number: 109

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re: Lithotripsy Antitrust Litigation ) No. 98 C 8394
et al., )
)
)



## MEMORANDUM OPINION AND ORDER

Before us is Plaintiffs' request for approval of its proposed settlement in this class-action lawsuit. Plaintiffs have initiated a class-action complaint alleging that the defendants and the individuals in the defendant class violated state and federal antitrust laws by conspiring to fix prices for a particular kidney stone treatment called lithotripsy and related services in the Chicago metropolitan area. We have previously granted preliminary approval and today hold a scheduled fairness hearing pursuant to notice given to the class.

As reflected in the record there are approximately 17,927 potential class members who received notice of today's hearing. The proposed settlement calls for a gross settlement fund of $1.3 million[1] from which expenses, attorneys fees, and compensation to class members are to be paid. Pursuant to the proposed settlement each authorized claimant will receive a share of the net settlement fund for each lithotripsy procedure received by the claimant during the class period. The dollar value of each share shall equal the amount in the net settlement fund divided by the total number of lithotripsy procedures received by all authorized claimants, but may not exceed $75 per share. Class members who do not file proofs of claim will not share in the settlement proceeds. In addition, class members who do not either file a request for exclusion or acceptable proofs of claim will nevertheless be bound by the judgment and the settlement. In response to the court's questioning, counsel estimated that if totally succesful at

---

[1] To be deposited in interest bearing accounts for the benefit of the plaintiff class.

1



trial, a recovery of between $6 million and $8 million is possible. The settlement fund is therefore approximately between 21% and 16% of the best possible outcome. Furthermore, as brought out during the hearing, the average payout per class member, assuming all @ 17,900 claimants make a valid claim, and that the court awards counsel the totality of fees sought and some @ $69,000 in expenses, would be about $42 per treatment. We must determine whether or not this proposed settlement is fair, reasonable and adequate.

In determining the adequacy of the settlement we must consider the strength of the case. Plaintiffs point out that their case at trial would rest on circumstantial evidence of antitrust violations. The defendants, for example, contend that they were powerless to determine and enforce uniform rate structures because reimbursement rates were unilaterally set by the insurance companies of the plaintiff class members. The evidence with respect to this point would undoubtedly boil down to a battle of conflicting expert testimony regarding difficult economic principles applied to the complex medical market at issue. Thus, "The ultimate determination of liability is far from certain." (*Plaintiffs' Memorandum of Law In Support of Final Approval of Class Action Settlement*, page 5) Furthermore, even if successful in establishing liability, proving the amount recoverable would also be difficult. Defendants maintain that the class members suffered no damages because most of them were covered by health insurance. Plaintiffs contend that this position conflicts with the collateral source rule. Judge Lindberg has agreed with plaintiffs. But this issue, and the related question of whether or not insurance companies would have standing to sue for price fixing, is a difficult one with conflicting precedent which will remain to be resolved ultimately on appeal - even if plaintiffs are successful at trial. Further, proving individual damages will be made difficult because of the difficulty of establishing how much was actually paid for each procedure by the individual plaintiffs. The amount paid by each plaintiff is not uniform because of the different reimbursement agreements with insurance companies.

Plaintiffs also point out that in addition to the risks of litigation enumerated above, the court must also consider the risk entailed in the actual collection of any judgment awarded.

The individual defendants would likely have insufficient assets to pay a sizable verdict. Although the corporate defendants would have the ability to pay, actual collection might be difficult and slow. Furthermore, preparation for trial, trial, and the appellate process would take a longtime. Recovery for the class plaintiffs, therefore, would not only entail significant risk, it would also take years. The cost of preparing this case for trial is estimated by plaintiffs counsel at more than $250,000. Because of the complexity of the antitrust issues there is also no guarantee that plaintiffs would be successful on appeal -- even if successful at trial.

Plaintiffs point out that they are well prepared to determine the reasonableness of the settlement. They have reviewed and analyzed thousands of pages of documents from parties and non parties. They had deposed defendants Norris and Rubenstein, founders of the corporate defendants and the key defendants in this litigation, as well as Harsh Kumar, a member of the defendant class. They have also consulted with experts from the inception of the case. Thus, plaintiffs' counsel are in an appropriate position to be able to determine the strength of their case and the seriousness of the litigation risks. The record shows that the settlement was the result of arm's -- length negotiations with no hint of collusion.

After approximately 17,900 class notices were mailed out and publication of summary notices in both the Chicago Sun Times and the Chicago Tribune, no objections to the settlement or the request for attorneys fees and expenses have been filed and only 37 class members -- less than 0.2 percent of the class -- have opted out of the class.

The 7th Circuit Court of Appeals, as well as a majority of other circuit court's have approved the use of the percentage of the fund method to award attorneys fees in class-action/common fund cases. Many courts in this district have utilized this method of establishing fees and 33.3% of the fund plus expenses is well within the generally accepted range of the attorneys fee awards in class-action antitrust lawsuits. We have above pointed out the time and effort expended by the attorneys in this case as well as the difficulty of the questions involved. The attorneys in this case are experienced in class-action matters and have

incurred a significant risk and significant expenses in agreeing to prosecute this case on a contingency basis. They are also entitled to a larger fee in compensation for the serious risks undertaken by them.

For the reasons enumerated above, and given in open court, and based upon our review of the memoranda and affidavits in support of the settlement, attorney's fees and costs as well as the arguments of counsel at the fairness hearing, the motion for final approval of the class action settlement and for a joint award of attorneys' fees and expenses is granted. The plaintiffs are directed to prepare a draft order detailing the amounts being awarded, and the method and schedule for distribution of the net settlement fund.

SO ORDERED

ENTERED: 6/9/00

HON. RONALD A. GUZMÁN
**United States Judge**

4